UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCANNELL PROPERTIES #516, LLC and<br>SCANNELL PROPERTIES #673, LLC,<br><br>          Plaintiffs,<br><br>          v.<br><br>CITY OF EDWARDSVILLE, KANSAS,<br><br>          Defendant. | Case No. 24-2604-JWB-BGS |

**MEMORANDUM AND ORDER DENYING**
**MOTION TO STAY PROCEEDINGS**

The matter comes before the Court on Defendant's "Motion to Stay the Case During the Pendancy [sic] of Plaintiffs/Appellants' Interlocutory Appeal" to the Tenth Circuit. Doc. 83. Plaintiffs filed a response in opposition (Doc. 85)[1], Defendant replied (Doc. 86), and Plaintiffs were granted leave to file a surreply (Doc. 89.) Having considered the parties' arguments, the Court **DENIES** Defendant's motion.

I. **Factual Background**

This case was filed on December 31, 2024.[2] Doc. 1. The original complaint related to the potential development of a certain property purchased by Plaintiffs. It named the City of

---

[1] As an initial matter, Defendant argues that Plaintiffs' response was untimely pursuant to D. Kan. 6.1(d)(4). Doc. 86, at 1. Plaintiffs disagree. Doc. 89, at 1-2. Rather, then decide this motion on a procedural technicality, the Court will address the parties' arguments on their substantive merits.

[2] Plaintiffs assert that despite the case pending for some eight months, "no formal discovery has taken place, aside from one deposition of plaintiff's corporate representative, which was itself limited to the issue of irreparable harm in preparation for the evidentiary hearing on Plaintiff's Motion for Preliminary Injunction." Doc. 85, at 1. Plaintiffs contend that they "continues [sic] to suffer irreparable harm and has [sic] obtained no relief" and that this case "needs to be litigated and resolved." *Id.* The Court finds the factual background of this case to be more nuanced, however, as the procedural history of this case involves numerous substantive motions, and certain delays have been at the request of Plaintiffs.

Edwardsville ("the City") and Mayor Carolyn Caiharr as Defendants. *See generally id.* Plaintiffs alleged they "invested millions of dollars and hundreds of hours into the development and improvement of the Property in reliance on the representations from the City … that it would support the industrial development of the Property." *Id.*, at 8. Plaintiffs contended the City passed an ordinance on Monday, September 23, 2024 ("Ordinance"), "which bans heavy truck traffic on 110th Street south of I-70." *Id.*, at 6. As a result, Plaintiffs brought causes of action against the named Defendants for fraud, negligent misrepresentation, tortious interference, inverse condemnation, and violations of Plaintiffs' constitutionally guaranteed property rights. *See generally id.* Plaintiffs also sought a declaratory judgment that a disputed ordinance be found null and void. *Id.*, at 16.

Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 3) was filed contemporaneously with the complaint. The District Court held a status conference on January 8, 2025, during which the District Court denied Plaintiffs' motion for a temporary restraining order. Doc. 12, minute entry. The Court further ordered the parties to email the District Judge's chambers by January 17, 2025, "as to whether a hearing is needed on the Motion for Preliminary Injunction." *Id.*

In response to the original complaint, the Defendants filed motions to dismiss in January 2025. Docs. 13, 14. Thereafter, the parties informed the District Court they had scheduled a mediation for February 28, 2025, resulting in a joint request that the case be stayed pending the completion of the mediation. *See* Docs. 16, 17 (text motion). The District Court granted the stay. Doc. 18 (text Order). The case was not resolved at that mediation. Docs. 21, 22. The preliminary injunction hearing was ultimately set for June 30, 2025 - July 1, 2025. Doc. 40.

Plaintiffs then filed a motion to amend their complaint (Doc. 26), which was granted on March 24, 2025. Doc. 28, text Order. The amended complaint was filed that same day, naming the

City, Mayor Caiharr, and City Council members Camila Adcox, Michael Moulin, Margaret Shriver, and Mark Bishop as Defendants. Doc. 31. Therein, Plaintiffs dropped their fraud and negligent misrepresentation claims. The amended complaint set out nine causes of action:

> Claim one is tortious interference with business expectancies against all Defendants. Claim two is inverse condemnation against all Defendants. Claim three is a declaratory judgment action wherein Plaintiffs seek a declaration by the court that the Ordinance is preempted by 49 U.S.C. § 31114 (i.e., the Surface Transportation Assistance Act) ("STAA"). Claims four through seven are 42 U.S.C. § 1983 claims against Edwardsville in its official capacity and against the Individual Defendants in their individual capacities asserting: (1) a violation of procedural due process, (2) a violation of the Equal Protection Clause, (3) a violation of separation of powers through ultra vires executive action, and (4) a violation of the Dormant Commerce Clause. Claim eight is conspiracy against the Individual Defendants in their individual capacity. Lastly, claim nine is promissory estoppel against all Defendants.

Doc. 72, at 5-6. *See also* Doc. 31.

Defendants responded to the amended complaint by filing motions to dismiss. Docs. 34, 35, 42. Plaintiffs sought and received two extensions of time to respond to the two former dispositive motions (Docs. 43, 52), with their responses filed on May 14, 2025 (Docs. 54, 55). Defendants were also given additional time to file their reply briefs. Doc. 64, text order.

On June 26, 2025, the District Court granted the motions to dismiss of the individual Defendants Mayor Caiharr, Adcox, Shriver, Bishop, and Moulin, dismissing all of Plaintiffs' federal and state law claims against them. Doc. 72. The City's motion to dismiss was granted in part and denied in part, leaving three state law claims against the City.[3] *Id.* The District Court also denied as moot Plaintiffs' motion for preliminary injunction, holding that a

> [r]eview of Plaintiffs' brief on that motion shows that Plaintiffs' rely on the STAA claim as the basis for the preliminary injunction. Additionally, review of Plaintiffs' motion to supplement their motion for preliminary injunction is based on their equal protection claim and dormant commerce clause claim. (Doc. 44.) Those claims having been

---
[3] Even though only state law claims remain, the District Court retained jurisdiction over the case.

>   dismissed, Plaintiffs' motion for preliminary injunction (Doc. 3), is DENIED AS MOOT, their motion to supplement the preliminary injunction motion is DENIED AS MOOT, and the associated hearing is CANCELLED.

*Id.*, at 25 (capitalization in original).

As the only remaining Defendant, the City's (hereinafter referred to as "Defendant") answer to Plaintiff's amended complaint was filed on July 17, 2025. Doc. 76. The next day, Plaintiff filed its notice of interlocutory appeal to the Tenth Circuit regarding the District Court's denial of its request for a preliminary injunction and requesting the Tenth Circuit review the order granting the Motion to Dismiss in its entirety. *See* Doc. 83-2. Defendant subsequently filed the present motion to stay the District Court case pending the appeal to the Tenth Circuit. Doc. 83.

Defendant argues, in part, that a stay of this case is appropriate because it is "intertwined" with the appeal, and judicial economy would be better served by staying the case. *See generally id.* Plaintiffs respond that while an appeal is pending, three causes of action for tortious interference, inverse condemnation, and promissory estoppel remain as "[n]one of these three causes of action are on appeal." Doc. 85, at 2. Plaintiffs contend that the requested stay is a "drastic remedy" that will cause them "great prejudice." *Id.* They continue that "[f]or the sake of the parties and the Court, time should not 'stand still' while the appeal is pending" because "[n]o matter what happens with the appeal, the issues in this case will not change, and discovery will not need to be repeated." *Id.*

II. Analysis

   A. Standard for Motion to Stay Pending Appeal

The Court is vested with broad discretion to stay proceedings. *Miracle v. Hush*, No. 23-2056-JAR-GEB, 2025 WL 1262467, at *4 (D. Kan. Apr. 30, 2025) (citing *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 1650, 137 L. Ed. 2d (1997)). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of the court's discretion to stay the case. *Nken v.*

4

*Holder*, 556 U.S. 418, 433-34, 129 S. Ct. 1749, 1761, 173 L. Ed. 2d 550 (2009).  The Tenth Circuit has adopted the preliminary injunction standard as the standard for granting or denying a stay pending appeal.  *Warner v. Gross*, 776 F.3d 721, 728 (10th Cir. 2015), *aff'd sub nom. Glossip v. Gross*, 576 U.S. 863, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015).  Thus, a movant seeking a stay pending appeal must show (i) a likelihood of success on the merits of the appeal, (ii) the likelihood the movant will suffer irreparable injury unless the stay is granted, (iii) a stay will substantially harm other interested parties, and (iv) the public interest will be served by granting a stay.  *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996).

The first two factors are the most critical.  *Nken*, 556 U.S. at 434.  The mere possibility of success on the merits is insufficient.  *Id.*  "Additionally, the threat of irreparable harm can be found where denial of stay would risk mooting an appeal that raises significant claims of error but the seriousness of that threat is inextricably related to appellant's likelihood of success on the merits."  *In re Rocking M Media, LLC*, No. 25-2203-HLT, 2025 WL 2331367, at *2 (D. Kan. July 25, 2025) (internal quotations omitted).

Neither Defendant's motion nor Plaintiffs' response specifically address these identified factors (*see* Docs. 83, 85), which needlessly complicates the Court's analysis.  There is no discussion by either party as to the likelihood of success on the merits or a potential injury to other interested parties.  *See generally id.*  Rather than discuss these relevant factors, Defendant almost exclusively focuses on the issue of judicial economy.  *See generally* Doc. 83 and Doc. 86.  The Court notes that judicial economy is not one of the enumerated factors that the Court is to consider when determining a request for a stay pending an appeal.[4]  In any event, the Court will consider the parties' arguments in the context of the relevant factors.

---

[4] If being generous, the Court acknowledges it could be argued that the concept of judicial economy is encompassed in "where the public interest lies."  *Nken v. Holder*, 556 U.S. at 426, 129 S. Ct. at 1756.  Further,

### B. Likelihood of Success on Appeal

As mentioned above, neither party addresses this factor which is one of the two most critical factors. *Nken*, 556 U.S. at 434. The Court notes that the Tenth Circuit has taken a more stringent position on whether a movant is likely to succeed on the merits. *New Mexico Dep't of Game & Fish v. United States Dep't of the Interior*, 854 F.3d 1236, 1246-47 (10th Cir. 2017). The movant must show more than a mere possibility of success but demonstrate a substantial likelihood of success on the merits. *Id.*

Generally, when a party fails to address a factor, the Court will conclude that the moving party has failed to meet its burden. *Cf. Shelby v. Mercy Reg'l Health Ctr.*, No. 07-4147-EFM, 2009 WL 1067311, at *2 (D. Kan. Apr. 21, 2009) (recognizing that failure to address relevant factors in a dispositive motion typically results in dismissal of complaint); *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 511 (D. Kan. 2007) (stating that defendant failed to meet its burden when it failed to address any of the relevant factors). Here, Defendant has failed to analyze this factor, and thus, failed to make a showing that they are likely to succeed at the Tenth Circuit. Therefore, this factor does not weigh in Defendant's favor.

### C. Irreparable Harm

While Defendant does not argue this factor in depth, it does argue the "potential waste of time [and] money" if discovery were to proceed. Doc. 83, at 5. Plaintiffs, on the other hand, argue that they continue to suffer irreparable harm by the Ordinance at issue and that a stay is "a drastic remedy which will cause great prejudice to Plaintiffs." Doc. 85, at 2.

This factor is related to the likelihood of success on the merits and is also critical in the Court's analysis. *In re Rocking M Media, LLC*, 2025 WL 2331367, at *3. Defendant primarily argues

---

as Defendant discusses potential waste of the parties' "time and money" (Doc. 83, at 2, 5), this implies a potential "injury" to Defendant, whether "irreparable" or not.

that it will have to expend time and resources into litigation if the case were to proceed. However, not all of the issues in this case are on appeal. Regardless of the outcome of the appeal, some of the issues in this case will remain and Defendant will have to participate in discovery. Expending time and resources on the front end rather than after resolution of the appeal does not amount to irreparable harm.

In addition to expending time and money litigating the case, Defendant argues that it may have to relitigate issues depending on how the interlocutory appeal is resolved. Defendant points out that Plaintiffs' Tenth Circuit docketing statement "explicitly sought not just the reversal of the denial of the preliminary injunction motion, but the reversal of every decision this Court made in partially granting Defendants' motions to dismiss." Doc. 83, at 5 (citing Doc. 83-2). Thus, according to Defendant,

> [i]f this litigation continues in the district court during Plaintiffs' interlocutory appeal, the Plaintiffs might argue that there has been a permanent taking of their property. But it is possible that the Tenth Circuit might reverse on the STAA claim and that might, eventually, invalidate all action taken by Edwardsville – making any alleged taking only temporary. That would be a significant difference and would likely greatly alter expert opinions and damages calculations.

Doc. 83, at 4. Defendant continues that allowing the case to proceed at the District Court level pending the appeal "would likely [be] a complete waste of time, money, and judicial resources" given the impact on expert opinions, potential questioning of witnesses, scope of relevant written discovery, and dispositive motions that could need to be redone. *Id.*, at 5.

Plaintiffs respond that Defendant's position is "entirely conclusive," lacking any factual or legal analysis. Doc. 85, at 4. While Plaintiffs do not deny that "the parties, facts, and circumstances which support the causes of action that were dismissed are similar to or the same as the parties, facts, and circumstances which support the causes of action that remain," they contend that this "is good reason for the parties to be allowed to move forward with litigating the current disputes, rather

7

than forcing the parties to sit and waste time while they wait for unrelated rulings." *Id.*, at 5. Also, Plaintiffs assert that "[t]he factual record will need to be developed to support the current causes of action, no matter what happens on appeal," thus a stay is not justified. *Id.*

Plaintiffs also argue that Defendant's position that damages will have to be relitigated is untrue because the damages for tortious interference, inverse condemnation promissory estoppel "are the same or similar to any damages that would have to be proven if any of the appealed causes of action get reinstated." *Id.* Further, Plaintiffs argue that if their the §1983[5] claims are reinstated, "they will be presented as alternative damages theories" to their current state law claims with the same "types of damages Plaintiffs are seeking on the three remaining [state law] claims." *Id.*, at 4-5.

The Court agrees that Defendant's argument lacks factual and analytical support. First, it does not argue how relitigating issues amounts to "substantial harm" justifying a stay. It also does not provide any legal support for that conclusion. Second, the fears that Defendant has that they may have to relitigate issues in the case are conclusory and insufficient to detract from Plaintiffs' interest in proceeding forward with the case. Plaintiffs have an interest in proceeding expeditiously with discovery given the delay thus far due to amendments to the pleadings and multiple motions to dismiss. As no scheduling order has been entered in this case, discovery has effectively been stayed pending the amendment/dispositive motion process, which has thus far taken approximately 9 months. Defendant's brief does not squarely address this factor and does not provide any concrete examples of what specific discovery would need relitigated after resolution of the interlocutory appeal. The Court finds that any injury to Defendant does not outweigh the potential impact a further, indeterminate stay on discovery would have on Plaintiffs. Therefore, this factor does not weigh in Defendant's favor.

---

[5] While Plaintiffs' response refers to "1986 claims" (Doc. 85, at 5), the Court presumes Plaintiffs are referring to §1983 claims.

### D. Substantial Harm to Other Parties

Similar to the first factor, Defendant does not address how a stay would impact or harm other parties and does not appear to make any related arguments. The Court will not advance arguments on its behalf or become its advocate. *See Monaco v. Quest Diagnostics, Inc.*, No. 08-2500-KHV, 2010 WL 3843622, at *15 (D. Kan. Sept. 24, 2010) (declining to construct legal arguments on defendant's behalf after failing to identify legal standard or offer legal analysis). Failure to address this factor results in the Court finding that there is no substantial harm to other parties. This factor does not weigh in Defendant's favor.

### E. Public Interest

Again, Defendant does not directly address this factor, but many of their arguments, at least indirectly, rely on the concept of judicial economy. Defendant argues that "the interlocutory appeal and the remaining claims in the district court are all part of the same original lawsuit and involve related claims involving the same facts and the same real property." *Id.*, at 2. Notably, both parties cite the case of *Garcia v. Burlington Northern R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) for the position that "when an interlocutory appeal is taken, the district court retains jurisdiction to proceed with matters not involved in that appeal." Doc. 83, at 2; Doc. 85, at 2. Therefore, according to Defendant, "there is no reason to potentially waste judicial resources and the parties' time and money while there is a possibility that the Tenth Circuit may completely change what claims are in the case." *Id.* Plaintiffs respond that, pending an interlocutory appeal, "[t]his Court retains jurisdiction over the three remaining causes of action and should allow the parties to litigate those issues." Doc. 85, at 2.

While staying the matter could potentially preserve judicial resources, placing the case on an indefinite hold pending an interlocutory appeal – that may or may not be granted – is also potentially

wasteful for the Court on a more long-term basis and is potentially injurious to the parties. Further, at least a portion of this case will be moving forward regardless of the outcome of the appeal.

Defendant next argues that the "usual arguments" for the remaining portion of the case to proceed in District Court pending the appeal "do not apply here." Doc. 83, at 3. Defendant acknowledges that "[a]n interlocutory appeal from an order denying an injunction could be one of those circumstances where litigation proceeds concurrently at both the district and appellate level," but indicates that is not the situation before the Court. *Id.* According to Defendant, "concurrent proceedings could be appropriate when a district court denies a preliminary injunction motion on the merits" because it could place the movant "in a difficult position because the movant has the right to appeal an interlocutory order denying an injunction under 28 U.S.C. § 1292(a)." *Id.*

Defendant points out the "conundrum does not exist in this case because the preliminary injunction was denied as moot, since the claims it was based upon had all been dismissed" in the District Court's order on the dispositive motion. *Id.* (emphasis added). According to Defendant,

> [b]ecause of this, there is no reason for this Court to allow the litigation to continue at the district court level during the pendancy [sic] of the appeal – because there is no remaining claim in the case that supports the injunction motion. The only way the injunction motion again becomes an issue is if the Tenth Circuit revives it. In the meantime, judicial economy dictates that it is best to wait and see what the Tenth Circuit does before litigating the remaining intertwined claims.

*Id.*, at 83-84.[6] Plaintiffs respond that they are

> simply asking this Court to allow the parties to litigate matters which are NOT on appeal. Defendants argue the three remaining causes of action are factually 'intertwined' with the causes of action which are on appeal and therefore suggests a stay is needed. However, Defendants cite no caselaw or other authority which would support this argument.

Doc. 85, at 3-4.

---

[6] Both Plaintiffs and Defendant analyze the Tenth Circuit decision in *Free Speech v. Election Commission,* 720 F.3d 788 (10th Cir. 2013). Because the Court does not find this decision to be directly applicable, the Court will not discuss it further.

The Court finds Defendant's argument as to the interests of judicial economy to be nondeterminative. *See Nken*, 556 U.S. at 426, 129 S. Ct. at 1756 (citation omitted). Further, Plaintiffs contend that Defendant's conclusory argument presents "reasons to allow discovery rather than delay it" because if any of the causes of action are re-instituted by the Tenth Circuit, "the factual record will have already been developed when that occurs." Doc. 85, at 4. This would seem to counteract any potential judicial economy argument Defendant could make. The Court does not find that a stay would be in the public interest.

After considering the relevant factors, the Court concludes that Defendant has not met its burden to show that any of the factors weigh in its favor. This conclusion is partially supported by the fact that Defendant's brief fails to mention the legal standard and does not provide any in-depth analysis of the relevant factors. However, after the Court's independent review and analysis of the factors, it still finds that a stay is not justified.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay (Doc. 83) is **DENIED**. The Court will enter an order setting a scheduling conference and addressing related deadlines.

**IT IS FURTHER ORDERED** that Plaintiffs' request for oral argument is **DENIED** as it would not materially assist the Court in resolving the issues herein.

**IT IS SO ORDERED.**

Dated October 21, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge