IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCANNELL PROPERTIES #516, LLC and
SCANNELL PROPERTIES #673, LLC,

        Plaintiffs,

v.    Case No. 24-2604-JWB

CITY OF EDWARDSVILLE, KANSAS,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's objections to Magistrate Judge Brooks G. Severson's order denying its motion to stay proceedings pending appeal. (Docs. 90, 92.) The matter is fully briefed and ripe for decision. (Docs. 90, 92, 93, 95.) The objections are OVERRULED for the reasons stated herein.

### I. Facts and Procedural History

Plaintiffs are owners of property they planned to develop in Edwardsville, Kansas. (Doc. 90 at 1.) They sued Defendant City of Edwardsville ("the City" or "Defendant") on December 31, 2024, alleging that they had relied on representations from the City when planning and developing the property. (*Id.* at 2.) The City allegedly, despite its representations, passed an ordinance that impeded the development. (*Id.*) Plaintiffs' complaint raised numerous causes of action. (*Id.*) Plaintiffs also sought a preliminary injunction which was denied. (*Id.* at 3.) Plaintiffs amended their complaint, and the court dismissed claims against other defendants. (*Id.*) Plaintiff then filed an interlocutory appeal asking the Tenth Circuit to overturn the denial of a preliminary injunction and the dismissal of claims. (*Id.* at 4.) Defendant filed a motion to stay the remaining district

court proceedings pending the interlocutory appeal. (*Id.*) The magistrate judge, after analysis, denied this motion on October 21, 2025. (Doc. 90.) The magistrate judge, relying upon the standard traditionally used for preliminary injunctions analyzed Defendant's justifications for a stay and concluded that a stay was not warranted. (*Id.*) Defendant timely filed an objection on November 4, 2025. (Doc. 92.) Plaintiffs filed a response and Defendant filed a reply. (Docs. 93, 95.)

## II.     Standard

When a non-dispositive pretrial matter is ruled upon by a magistrate judge and a timely and specific objection to the ruling is made, the district judge is required to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 2790203, at *2 (D. Kan. July 14, 2011)).

## III.    Analysis

In the order denying Defendant's motion to stay the district court proceedings, the magistrate judge applied the preliminary injunction standard, as instructed by a panoply of Supreme Court and Tenth Circuit precedent. (Doc. 90 at 4-5.) Because Defendant briefed a largely

different standard, and did not address the relevant factors in the eyes of the magistrate judge, the court denied its motion to stay. Defendant objects to the use of the preliminary injunction standard, claiming it is too rigid to comport with the discretion afforded to the court when granting a stay. (Doc. 92 at 6.) Defendant also argues that the precedent the magistrate judge relied upon only applies when the party appealing is also the party seeking the stay. (*Id.* at 2.) Here, according to Defendant, the fact that Plaintiffs appealed, and Defendant seeks the stay alters the standard, and the result.

The court agrees with Plaintiffs, and the magistrate judge. Defendant has failed to identify a case similar to this one where a court applies a different standard because of which party requests a stay. Defendant cites *Miracle v. Hush*, No. 23-4056, 2025 WL 1262467 at *4 (D. Kan. Apr. 30, 2025) for the proposition that the District of Kansas has applied a more flexible stay standard. But the court does not read the *Miracle* case the same way as Defendant. While the *Miracle* case does lay out the "general[] consider[ations]" for staying proceedings, it goes on to suggest that when considering a stay pending appeal different factors apply. *Id.* The magistrate judge applied those same factors in this matter. (Doc. 90 at 6-11.)

Defendant also attaches to its motion two different orders from Judge Severson, from other cases, that use a different standard for a stay. (Docs. 95-1, 95-2.) The two orders that Defendant identifies and attaches to its reply brief are easily distinguishable. The first was a *joint* motion to stay discovery in a shareholder derivative action. (Doc. 95-1 at 2.) The second was a motion to stay discovery until the district court rules on pending motions to dismiss. (Doc. 95-2 at 1.) Judge Severson's application of a different standard in those cases reflects exactly the distinction that the *Miracle* court made. There are general factors for applications for a stay and there are more specific factors for applications for a stay pending appeal. 2025 WL 1262467 at *4.

Defendant also argues that even if the factors Judge Severson used are applied, in *Miracle* Judge Robinson granted a stay despite finding that the movant had not made a strong showing of success on the merits, and that Judge Severson should have done the same. (Doc. 95 at 4.) The standard of review for this court is whether the magistrate made clearly erroneous factual findings or ruled contrary to law. Fed. R. Civ. P. 72(a). Defendant's disagreement with how Magistrate Judge Severson weighed the relevant considerations vis-à-vis how Judge Robinson did in *Miracle* is not sufficient for this court to disturb the decision below.

The only other argument Defendant makes is that the preliminary injunction factors make no sense as applied because Defendant is the movant but not the appellant. Defendant primarily gripes about the first factor, which requires Defendant to make a showing of "a likelihood of success on appeal." (Doc. 90 at 5.) Defendant contends that even if it were "absolutely certain" it would prevail on appeal it would contradict the purpose of the stay. (Doc. 92 at 4-5.) But here, Defendant moves for the stay precisely because Plaintiffs' appeal may succeed. (*Id.*) Defendant fears "wasted effort and duplicative discovery" if it loses the appeal. (*Id.* at 5.) While the apparently unique posture of the case may be awkward, the standard of review is whether the magistrate judge's decision was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Defendant has not shown that the magistrate judge applied the wrong legal standard. Indeed, as Plaintiffs point out, the Tenth Circuit's own rules counsel the test the magistrate used, and do not distinguish based upon which party is applying for the stay. 10th Cir. R. 8.1 ("A motion for a stay or an injunction pending appeal must include a clear statement of the specific relief requested. No motion for a stay or an injunction pending appeal will be considered unless *the applicant addresses all of the following*: (A) the basis for the district court's or agency's subject matter jurisdiction and the basis for the court of appeals' jurisdiction, including citation to statutes and a statement of facts

establishing jurisdiction; (B) the likelihood of success on appeal; (C) the threat of irreparable harm if the stay or injunction is not granted; (D) the absence of harm to opposing parties if the stay or injunction is granted; and (E) any risk of harm to the public interest.") (emphasis added).

In any event, given that several claims are not even challenged on appeal, litigation needs to continue in the district court during the pendency of the appeal. There is work to be done on this case. Get to it.

Defendant's objection to the magistrate judge's order is OVERRULED.

## IV.  Conclusion

IT IS SO ORDERED. Dated this 5th day of January, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE