UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCANNELL PROPERTIES #516, LLC and
SCANNELL PROPERTIES #673, LLC,

Plaintiffs,

v.

CITY OF EDWARDSVILLE, KANSAS,

Defendant.

Case No. 24-2604-JWB-BGS

MEMORANDUM AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION TO AMEND THE COMPLAINT

This matter comes before the Court on Plaintiffs' Partially Unopposed Motion for Leave to File a Second Amended Complaint. *See* Doc. 119. Plaintiffs Scannell Properties #516, LLC, and Scannell Properties #673, LLC, contend that amendment is warranted to incorporate additional factual allegations and to reassert a declaratory judgment claim under the Surface Transportation Assistance Act ("STAA") based on alleged intervening authority. Defendant City of Edwardsville does not oppose the proposed amendments to Plaintiffs' factual allegations but opposes Plaintiffs' attempt to revive their previously dismissed STAA claim, arguing that amendment would be futile. *See* Doc. 124. For the reasons stated herein, the motion is **GRANTED in part and DENIED in part**.

I.    **Background Facts**

The Court has previously summarized the factual and procedural history of this case in prior orders and will not repeat that history in full here. *See* Docs. 72, 90, 102. Briefly, this action arises from Plaintiffs' development of a roughly 155-acre industrial property located in Bonner Springs, Kansas, near Interstate 70 and 110th Street (the "Property"). Doc. 119-1 at ¶¶ 8-10. Plaintiffs allege

1

they invested substantial resources in developing the Property for industrial use in reliance on the City of Edwardsville's prior representations and conduct supporting such development, including infrastructure improvements intended to accommodate heavy truck traffic.  In September 2024, however, the City adopted Ordinance 1076, which restricted heavy truck traffic on 110th Street south of I-70.  Plaintiffs contend this ordinance materially impaired access to the Property and diminished its value, particularly in light of ongoing construction and existing commercial relationships tied to the Property's industrial use.  *Id.* at ¶ 47.  A subsequent ordinance (Ordinance 1079) imposed a moratorium delaying enforcement, but Plaintiffs maintain the restrictions continued to affect the Property's marketability and development.

Plaintiffs initiated this action on December 31, 2024, and contemporaneously sought injunctive relief.  The Court denied the request for a temporary restraining order at an early status conference and directed the parties to address whether further proceedings on a preliminary injunction were necessary.  *See* Doc. 12.  Defendants thereafter moved to dismiss, and the case was briefly stayed for mediation at the parties' request, which proved unsuccessful.  *See* Docs. 14, 18, 21.  Plaintiffs then filed an amended complaint asserting nine causes of action, including state-law claims and several federal claims premised on constitutional violations and preemption under the STAA.  *See* Doc. 31.  Following full briefing, the Court granted the individual Defendants' motion to dismiss in its entirety and granted the City's motion in part, dismissing all federal claims—including Plaintiffs' STAA-based declaratory claim—and leaving only three state-law claims pending against the City.  *See* Doc. 72.  Because Plaintiffs' request for preliminary injunctive relief was predicated on the dismissed federal claims, that request was denied as moot.  *Id.*

Plaintiffs thereafter filed a notice of interlocutory appeal, seeking review of the Court's dismissal of their federal claims and the denial of preliminary injunctive relief.  The Tenth Circuit has heard oral argument on that appeal, and a decision remains pending.  The case has otherwise

2

proceeded in this Court with the City as the sole remaining defendant.  The Court subsequently entered a scheduling order governing the case.  The parties did not propose a deadline to amend in their proposed scheduling order, which served as the Rule 26(f) planning report, and the Court did not independently impose one.

The present motion arises against that backdrop.  Plaintiffs seek leave to file a second amended complaint to account for both new factual developments and alleged changes in the governing law.  Most notably, Plaintiffs allege that after the Court's dismissal order, the City enacted a third ordinance (Ordinance 1095) which repealed the earlier ordinances but imposed new restrictions on truck access to the Property.  Doc. 119-1 at ¶¶ 110-112.  According to Plaintiffs, the new ordinance permits heavy trucks to enter the Property from 110th Street but restricts how they may exit, effectively rerouting traffic and continuing to burden the Property's use for industrial purposes.  Plaintiffs contend this development reflects an ongoing course of conduct by the City targeting the Property and necessitates amendment of the pleadings to address the current regulations at issue.

In addition to these new factual allegations, Plaintiffs seek to revive the previously dismissed declaratory claim under the STAA.  They assert that intervening appellate authority has undermined the basis for the Court's earlier ruling and now supports the availability of equitable relief.  Doc. 119 at 3-5.  Briefing on the motion is now complete, and the Court is prepared to rule.

## II.    Legal Standard

The scheduling order in this case did not set a deadline to amend the pleadings.[1]  When a party seeks to amend after the deadline, the party must show good cause under Fed. R. Civ. P.

---

[1] The Court recognizes that Rule 16(b)(3) contemplates that a scheduling order will include a deadline to amend the pleadings.  No such deadline was included in the scheduling order in this case, and the parties did not propose one in their Rule 26(f) planning report (i.e., proposed scheduling order).  Under these circumstances, there is no amendment deadline for the Court to modify, and the applicability of Rule 16(b)(4)'s "good cause" standard is therefore unclear.  In the absence of controlling authority addressing this

16(b)(4) and also satisfy the standards under Fed. R. Civ. P. 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The good-cause standard requires a showing that the deadline could not have been met despite the movant's diligent efforts. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019).

In the absence of such a deadline or other indication in the scheduling order, the Court proceeds under Rule 15(a)(2), which provides that leave to amend should be freely given "when justice so requires." Courts may deny leave to amend based on factors such as undue delay, prejudice, bad faith, or futility. *Frank v. U.S. W., Inc.*, 3 F.3d 1357. 1365 (10th Cir. 1993). Because futility alone may justify denial of a motion to amend, the Court may resolve the motion on that basis without addressing the remaining Rule 15 factors. *See Lundahl v. Pennsylvania Mfg. Ass'n Ins. Co.*, 440 F. App'x 629, 632–33 (10th Cir. 2011) (affirming denial of leave to amend solely on futility grounds).

## III.    Analysis

The Court addresses Plaintiffs' motion in two parts. First, the Court considers Plaintiffs' proposed amendments to the factual allegations, including those arising from the enactment of Ordinance 1095, which Defendant does not oppose. Second, the Court addresses Plaintiffs' attempt to reassert their previously dismissed claim under the STAA.

### a.   Amendment as to Unopposed Factual Allegations

Plaintiffs seek leave to amend their complaint to incorporate additional factual allegations, including developments occurring after the filing of the first amended complaint, in particular, the enactment of Ordinance 1095. The City does not oppose these revisions to the factual allegations

---

situation, the Court proceeds under Rule 15(a)(2). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (explaining that Rule 16 applies when a party seeks to amend after a scheduling order deadline).

and agrees it is "fair and proper" for Plaintiffs to assert additional facts reflecting the current regulatory framework governing the Property.  Doc. 124, at 2.

Under Rule 15(a)(2), a party may amend with the opposing party's written consent or the Court's leave, which should be freely given when justice so requires.  Given the opposing party consents to the amendment, the Court finds that Plaintiffs should be permitted to amend their complaint to incorporate the additional factual allegations, including those related to Ordinance 1095.  In granting leave for this limited purpose, the Court notes Defendant's request that any amended pleading clarify that the individual Defendants, those previously dismissed on grounds of legislative immunity, are no longer parties to this action.  Indeed, Plaintiffs included the dismissed individual Defendants in the case caption and included multiple references to "Defendants" throughout the proposed pleading despite there being only a single Defendant remaining.  The Court assumes this was an oversight on the part of Plaintiffs' counsel.

Nonetheless, the Court agrees with Defendant's request.  Accordingly, Plaintiffs shall not include the previously dismissed individual Defendants in the caption or body of the second amended complaint, and the complaint must reflect that the City of Edwardsville is the sole remaining Defendant, including by eliminating references to "Defendants" in the plural except where clearly referring to prior allegations or historical facts.

### b.  Futility of Amendment as to STAA Claim

The Court next addresses Plaintiffs' request, under Rule 15(a)(2), to reassert their declaratory judgment claim under the STAA.  Defendant opposes amendment on the ground that this claim is futile.  Plaintiffs contend that amendment is warranted based on intervening appellate authority issued after the Court's prior ruling.  The Court notes, however, that the authorities on which Plaintiffs rely were issued months before the present motion was filed, raising some question as to whether Plaintiffs acted diligently in seeking amendment.  The Court need not resolve that issue

5

here.  Even assuming Plaintiffs acted diligently and that amendment is otherwise procedurally proper under Rule 15, the Court concludes that the proposed amendment would be futile.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  In this context, the court considers whether the amended complaint could withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See Stewart v. Dominicis*, No. 24-3058-JWB-ADM, 2025 WL 3511078, at *2 (D. Kan. Dec. 8, 2025).  To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff."  *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Here, Plaintiffs seek to revive a claim this Court previously dismissed on June 26, 2025.  In that order, Chief Judge Broomes concluded that the STAA does not create a private right of action and that Congress foreclosed private equitable enforcement, relying on *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320 (2015) and the statutory structure of the STAA, which assigns enforcement authority to the Secretary of Transportation and the Attorney General.  Doc. 72 at 17-20.  Plaintiffs contend that amendment is no longer futile because intervening appellate authority has undermined that analysis.  Specifically, Plaintiffs rely on *National Association of Industrial Bankers v. Weiser*, 159 F.4th 694 (10th Cir. 2025), *reh'g en banc granted, opinion vacated*, 171 F.4th 1203 (10th Cir. 2026) and argue that it supports the availability of equitable relief under *Ex parte Young* notwithstanding the absence of an express private cause of action.  Plaintiffs also point to developments in *Corey v. Rockdale Cnty.*, 689 F. Supp. 3d 1251 (N.D. Ga. 2023), *aff'd in part and vacated in part*, No. 23-13097, 2025 WL

6

1325325 (11th Cir. May 7, 2025), a case that this court relied on, noting that the Eleventh Circuit vacated the portion of the district court's decision addressing the STAA claim.

As an initial matter, the Court agrees that *Corey* was vacated in part. The Eleventh Circuit dismissed as moot the appeal of the STAA-based injunctive claim and vacated that portion of the district court's judgment. *Corey v. Rockdale Cnty.*, No. 23-13097, 2025 WL 1325325, at *3 (11th Cir. May 7, 2025). But the partial vacatur of *Corey* does not affirmatively support Plaintiffs' position; it merely removes one source of persuasive authority. It does not supply a basis to depart from this Court's independent analysis of the STAA's text and structure.

More importantly, Plaintiffs' reliance on *Bankers* is misplaced. As Defendant correctly notes, the Tenth Circuit granted rehearing en banc and vacated the panel decision before Plaintiffs filed the present motion. *See generally Nat'l Ass'n of Indus. Bankers v. Weiser*, 171 F.4th 1203 (10th Cir. 2026). Thus, the panel opinion on which Plaintiffs rely no longer has precedential effect. Indeed, as Plaintiffs themselves acknowledge, when a decision is vacated, it must be disregarded and treated as though it never existed. Doc. 119, at 3. *See also United States v. Hernandez*, 216 F.3d 1088, at *4 fn. 6 (10th Cir. 2000) ("[A] decision that has been vacated has no precedential authority whatsoever"). Although the en banc court has indicated that it will not reconsider whether an equitable cause of action exists under *Ex parte Young*, the grant of rehearing vacated the judgment in its entirety. As a result, there is currently no binding Tenth Circuit authority recognizing a private equitable claim under the STAA.

In any event, the Court need not resolve the extent to which *Bankers* would affect its prior analysis. At present, the panel decision has been vacated and has no precedential effect. Plaintiffs have not identified any intervening, binding authority that would warrant revisiting the Court's prior ruling, and amendment on this basis is futile at this juncture.

7

In sum, the legal landscape is best described as unsettled, not changed. Plaintiffs have not identified any intervening, binding authority that undermines this Court's prior conclusion that the STAA does not permit private enforcement. Where, as here, a party seeks to reassert a claim previously dismissed by the Court without any intervening controlling authority, amendment is properly denied as futile. *See Black v. Union Pac. R.R. Co.*, No. 23-1218-EFM-ADM, 2024 WL 3741404, at *4 (D. Kan. Aug. 9, 2024) (denying as futile a motion to reassert claims that had been previously dismissed). Accordingly, the Court finds that amendment as to the STAA claim is futile.

The Court also notes that Plaintiffs have presented these same arguments regarding the viability of their STAA claim to the Tenth Circuit in the pending interlocutory appeal. While not dispositive, that posture further counsels against revisiting the Court's prior ruling in the absence of intervening binding authority. Accordingly, Plaintiffs' motion for leave to amend is denied to the extent it seeks to reassert Count III and related requests for declaratory or injunctive relief under the STAA.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 119) is **GRANTED in part and DENIED in part**. On or before **May 15, 2026**, Plaintiffs shall submit to the Court a proposed revised second amended complaint consistent with the limitations set forth herein. Upon review, if the Court finds the proposed pleading complies with this Order, the Court will direct Plaintiffs to file the second amended complaint on the docket.

**IT IS SO ORDERED.**

Dated May 8, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

8