**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SCANNELL PROPERTIES #516, LLC and SCANNELL PROPERTIES #673, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF EDWARDSVILLE, KANSAS,<br><br>Defendant. | Case No. 24-2604-JMK-BGS |

**MEMORANDUM AND ORDER DENYING**
**MOTION TO AMEND COMPLAINT**

This matter comes before the Court on Plaintiffs' Motion for Leave to File a Third Amended Complaint. Doc. 252. Plaintiffs Scannell Properties #516, LLC and Scannell Properties #673, LLC seek to add equal-protection and dormant Commerce Clause claims against Defendant City of Edwardsville, Kansas, and to join Scannell Properties #801, LLC as a plaintiff. They contend that the City's replacement of the ordinance originally challenged in this action, the subsequent resolution of their interlocutory appeal, and Scannell 801's acquisition of part of the property warrant amendment. The City opposes the motion on grounds of futility, undue delay, and prejudice. Doc. 257. For the reasons explained below, the motion is denied.[1]

[1] Plaintiffs' reply was due on October 23, 2026, seven days after service of the City's response. D. Kan. Rule 6.1(d)(4). Plaintiffs filed their nine-page reply on October 30, exceeding both the filing deadline and the five-page limit without seeking or obtaining leave. Doc. 260; D. Kan. Rule 7.1(d)(3)–(4). They offer no explanation for the late filing. The Court could decline to consider the reply. *See* Fed. R. Civ. P. 6(b)(1)(B); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896–98 (1990) (upholding refusal to consider untimely affidavits where the filing party had not properly sought an extension or shown excusable neglect). Even considering the reply and supporting exhibits, however, the result is unchanged. The Court therefore addresses the material arguments and considers the additional materials where they clarify the chronology.

## I. Background

Plaintiffs developed industrial property in Bonner Springs, Kansas, near Interstate 70 and 110th Street, along the border with Edwardsville. They allege that the City previously supported development of the property and improvements intended to accommodate heavy truck traffic. On September 23, 2024, however, the City adopted Ordinance 1076, restricting heavy truck traffic on the adjoining portion of 110th Street. Plaintiffs contend that the restrictions impaired access to their property, diminished its value, and interfered with existing and prospective business relationships. A subsequent ordinance, Ordinance 1079, imposed a moratorium on enforcement until January 1, 2027, but Plaintiffs maintained that the restrictions continued to affect the property's marketability. *See* Doc. 72 at 2–4; Doc. 129 at 1–2; Doc. 252 at 3–4.

Plaintiffs filed this action on December 31, 2024, and sought a temporary restraining order and preliminary injunction. Docs. 1, 3. The Court denied the request for a temporary restraining order at a January 8, 2025 status conference. Doc. 12. The case was later stayed for a February 2025 mediation, which did not resolve the case. Doc. 18. Plaintiffs filed their first amended complaint on March 24, 2025. Doc. 31. That pleading asserted nine claims against the City and several City officials, including claims under the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31114, and 42 U.S.C. § 1983. *See* Doc. 72 at 5–6.

On June 26, 2025, the Court dismissed all claims against the individual defendants and all federal claims against the City. Three state law claims remained against the City: tortious interference, inverse condemnation, and promissory estoppel. Because Plaintiffs' request for a preliminary injunction rested on the dismissed federal claims, the Court denied that request as moot. Doc. 72 at 25. Plaintiffs filed a notice of interlocutory appeal on July 18, 2025, seeking review of the dismissed claims and the denial of preliminary injunctive relief. Doc. 78.

While the appeal was pending, the City adopted Ordinance 1095 on November 13, 2025. The new ordinance replaced the earlier restrictions and permitted some heavy truck access to the property, including entry by southbound trucks turning right from 110th Street. Plaintiffs contend that the remaining restrictions, including restrictions on northbound travel and an exception for traffic serving Edwardsville, continue to discriminate against their property and burden interstate commerce. *See* Doc. 119 at 1–2; Doc. 252 at 4–5.

The Court entered its initial scheduling order on December 4, 2025. Doc. 97. The parties had not proposed a deadline for motions to amend, and the Court did not impose one. Doc. 129 at 3–4 & n.1. On February 2, 2026, the City moved to dismiss the interlocutory appeal as moot. Plaintiffs opposed dismissal, arguing in part that the replacement ordinance continued the same harm and that effective relief remained available. Doc. 252-4 at 2–5; Doc. 252-5 at 3, 7–10.

After two extensions of the case schedule, Plaintiffs moved on April 10, 2026, to file a second amended complaint. Docs. 111, 118, 119. They sought to add factual allegations concerning Ordinance 1095 and to reassert their STAA declaratory judgment claim based on what they described as intervening authority. Doc. 119 at 1–3. The City agreed that Plaintiffs could add the proposed factual allegations, although it disputed many of them, but opposed revival of the STAA claim. Doc. 124 at 2–3.

On May 8, 2026, the Court granted the motion in part and denied it in part. Doc. 129. The Court applied Rule 15 because no amendment deadline had been established. *Id.* at 3–4 & n.1. It permitted the factual amendments but denied leave to reassert the STAA claim as futile. *Id.* at 4–8. The Court concluded that Plaintiffs had not identified intervening binding authority undermining the earlier ruling that the STAA did not permit the private enforcement they sought. It also noted that Plaintiffs had presented the same STAA arguments in the pending appeal. *Id.* at 8.

Plaintiffs filed the operative second amended complaint on May 15, 2026. Doc. 137. It describes Ordinance 1095, challenges the distinction between local and nonlocal truck traffic, and alleges that the ordinance discriminates against the property and burdens interstate commerce. *Id.* at ¶¶ 110–126, 155(h)–(i), 162–169. It also alleges that the ordinance violates the dormant Commerce Clause, but asserts only the three remaining state law counts. *Id.* at ¶¶ 162–169.

Discovery proceeded during the appeal. Following a July 8, 2026 conference, the Court entered a revised scheduling order on July 10. Doc. 192. The Court found that the parties had diligently pursued discovery, including depositions and written discovery, and that additional time was appropriate for Plaintiffs to evaluate the City's recently disclosed expert reports and prepare rebuttal disclosures. *Id.* at 3–4. The Court extended Plaintiffs' rebuttal expert deadline from July 10 to July 31 and the discovery deadline to September 24. It declined to grant the full requested discovery extension or immediately suspend the later pretrial deadlines pending the appeal. *Id.* at 3–5.

On July 14, 2026, Scannell 516 conveyed to Scannell 801 a parcel within the industrial property at issue in this case. The deed was recorded the following day. Doc. 252-9 at 2, 4. Plaintiffs represent that Scannell 801 plans to develop the parcel with an industrial warehouse or distribution center whose truck traffic would primarily use 110th Street to reach Interstate 70. Doc. 252 at 2. They seek to add Scannell 801 because the City's restrictions allegedly impair its use of the parcel. *Id.* at 15.

On August 6, 2026, the Tenth Circuit dismissed the interlocutory appeal. It concluded that replacement of the original ordinance mooted the appeal from the denial of a preliminary injunction, declined to vacate that ruling, and held that it lacked pendent appellate jurisdiction over the dismissal of the federal claims. *See* Doc. 240. The mandate issued on August 28, 2026. *Id.*

Meanwhile, the parties sought a stay to pursue settlement. The Court initially denied their request because they had not yet scheduled a mediation or provided a concrete plan for completing the remaining discovery. Doc. 235. After the parties scheduled a mediation for October 7 and submitted a discovery plan, the Court held a telephone conference on September 1. Doc. 245. The parties agreed on the proposed remaining discovery but disagreed about setting a date for Plaintiffs to move to amend. At the conference, the Court declined to establish a new amendment date and explained that any forthcoming amendment motion would need to satisfy both Rule 16 and Rule 15. The Court discussed the need to demonstrate diligence under Rule 16 and explained that setting a date several weeks later could obscure that inquiry. Plaintiffs' counsel acknowledged the Court's explanation and indicated that Plaintiffs would take that guidance into consideration. The Court further explained that the proposed stay would apply to discovery, not to a motion for leave to amend.

The Court memorialized the stay and entered a revised schedule on September 2, 2026. Doc. 247. Discovery was stayed through October 7 and, if mediation did not resolve the case, was to resume on October 8 and conclude by November 20. The order identified the remaining discovery: a City rebuttal expert report on damages and related deposition, outstanding written-discovery responses, four identified depositions, and a nonparty subpoena response. *Id.* at 2–3. It also stated that the Court declined to reset the amendment deadline, that the stay did not apply to a motion for leave to amend the complaint, and that any such motion would be considered under the governing standards. *Id.* at 2 n.1.

Plaintiffs filed the present motion on October 5, 2026. Doc. 252. The proposed third amended complaint adds claims under § 1983 for violations of equal protection and the dormant Commerce Clause. Doc. 252-7 at ¶¶ 217–246. Plaintiffs describe Scannell 801's claims as "forward-looking." Doc. 252 at 15. The proposed pleading includes Scannell 801 in the collective definition

of "Scannell," alleges that "Plaintiffs have suffered damages," and requests actual and punitive damages without separately identifying Scannell 801's claimed injuries or requested relief. Doc. 252-7 at ¶¶ 3, 200–201.

Plaintiffs primarily explain the timing of the motion by reference to the interlocutory appeal. They contend that seeking the constitutional amendments earlier would have undermined their argument that the new ordinance did not moot the appeal and that the Court would have rejected the amendments under the reasoning provided in the May 8 order granting in part and denying in part the previous motion to amend the complaint. They view the Tenth Circuit decision as permitting this Court to consider claims arising from the replacement ordinance. Doc. 252 at 6–8. They also argue that the City waived an undue delay objection by consenting to the earlier factual amendments and that the existing discovery concerning Ordinance 1095 eliminates prejudice. *Id.* at 8. The City responds that the proposed claims rest on information Plaintiffs already knew, that the appeal did not prevent amendment, and that the new claims and plaintiff would require additional fact and expert discovery. Doc. 257 at 10–15.

## II. Legal Standards

Rule 16(b)(4) permits modification of a schedule only for good cause and with the Court's consent. The good cause inquiry focuses on the movant's diligence and requires an adequate explanation for delay. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019). Newly discovered information or a change in the governing law may establish good cause; knowledge of the underlying conduct followed by an unexplained failure to assert the proposed claims does not. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014).

Rule 15(a)(2) provides that leave to amend should be freely given when justice requires. Leave may nevertheless be denied for undue delay, undue prejudice, bad faith, repeated failure to cure deficiencies, or futility. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204–05 (10th Cir. 2006).

When Rule 16 applies, its good cause requirement precedes consideration of Rule 15. *Gorsuch*, 771 F.3d at 1240–41. A failure to establish good cause is sufficient to deny leave without reaching Rule 15. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015).

## III. Analysis

The Court first explains why Rule 16 applies to this motion and then considers Plaintiffs' showing of good cause. Because the proposed constitutional claims and the addition of Scannell 801 arise from different developments, the Court addresses them separately. Finally, out of an abundance of caution, the Court considers whether amendment is warranted under Rule 15.

### A. Rule 16 applies to the requested amendment

The Court's May 8 order applied only Rule 15 because the scheduling order contained no amendment deadline. Doc. 129 at 3–4 & n.1. The present motion, on the other hand, follows the September conference and revised scheduling order, which specifically addressed the standards governing Plaintiffs' anticipated amendment. Those proceedings must be considered together in determining the requirements applicable to this motion.

An explicit entry in the scheduling order is not the only means by which a court may establish a restriction on further amendment. In *Point 4 Data Corp. v. Tri-State Surgical Supply & Equipment, Ltd.*, the court applied Rule 16 although its scheduling order did not contain an amendment deadline because the conference record established the court's and parties' shared understanding that the pleadings would not be further amended. No. 11-CV-726(CBA), 2012 WL 2458060, at *5–6 (E.D.N.Y. June 27, 2012). The decision recognizes that the scheduling order must be read in light of the prior court proceedings that produced it. Rule 16 itself authorizes the Court to address potential amendment at any pretrial conference and provides that the order following the conference controls the course of the action. Fed. R. Civ. P. 16(c)(2)(B), (d).

Here, the September 1 conference addressed this anticipated amendment directly. In approving a limited stay and the parties' plan for completing discovery, the Court required Plaintiffs to satisfy Rule 16's good cause standard for any further amendment. Counsel acknowledged that requirement. The Court left Plaintiffs free to file a motion during the stay and to decide whether to do so before mediation, but it did not excuse the need to demonstrate diligence under Rule 16. The reference in the September 2 order (Doc. 247) to the governing standards preserved the requirement explained at the conference. The Court therefore applies Rule 16 based on the discussion during the conference and the parties' contemporaneous understanding.[2]

### B. Plaintiffs have not established good cause

#### 1. The proposed constitutional claims

Plaintiffs have not adequately explained why they could not have sought these amendments earlier through diligent efforts. Their current claims concern restrictions contained in Ordinance 1095, which was adopted in November 2025. By April 2026, Plaintiffs had moved to amend specifically to address that ordinance. The second amended complaint describes the ordinance's operation and alleges that it violated the dormant Commerce Clause. Doc. 137 at ¶¶ 110–126, 162–169. The present request therefore rests substantially on an ordinance and asserted constitutional injury Plaintiffs had already identified while discovery was ongoing.

[2] In *Burlington Northern Santa Fe Railway Co. v. A 50-Foot Wide Easement*, the Tenth Circuit declined to apply Rule 16 where neither the original nor amended scheduling orders established an amendment deadline. 346 F. App'x 297, 304 (10th Cir. 2009). The plaintiff moved to amend on the dispositive motion deadline, and the opposing party argued that an earlier amendment deadline should be inferred because amendment deadlines ordinarily precede the deadline for dispositive motions. *Id.* The court rejected that argument, explaining that, without an amendment deadline, the motion did not seek modification of the schedule. *Id.* Here, the Court relies on its direction at the September 1 conference, counsel's acknowledgment of that direction, and the September 2 order's preservation of the governing standards. Those proceedings specifically addressed Plaintiffs' anticipated amendment and the requirement to demonstrate good cause; the Court does not infer an amendment deadline from other scheduling dates. In any event, as explained below, the Court also independently denies leave under Rule 15 based on undue delay.

Plaintiffs contend that the then-pending appeal prevented them from asserting the claims because an amendment would have conceded that the new ordinance materially changed the dispute and thus undermined their opposition to dismissal of the appeal. Doc. 252 at 7. Their own filings do not support that asserted impediment. During the appeal, they sought to amend their complaint to address Ordinance 1095 and to revive the STAA claim. They then filed their second amended complaint, which alleged that Ordinance 1095 discriminated between local and nonlocal truck traffic and violated the dormant Commerce Clause. Doc. 137 at ¶¶ 155(h)–(i), 162–169. Those steps demonstrate that Plaintiffs could present allegations and seek relief concerning the new ordinance while maintaining their appellate position. Plaintiffs' desire to preserve a particular appellate argument explains their choice, but it does not establish that diligent pursuit of the proposed claims required waiting for the appeal to end.

Nor did the May 8 order require Plaintiffs to postpone these claims. Plaintiffs reason that because the Court rejected revival of their STAA claim, it would have rejected the constitutional amendments as well. Doc. 252 at 6–7. The May 8 order discussed reasserting previously dismissed claims without intervening controlling authority and noted the pending appeal. Doc. 129 at 8. But it did so in deciding whether the authorities Plaintiffs cited justified revisiting the Court's ruling on private enforcement of the STAA. *Id.* at 6–8. Plaintiffs did not then propose equal-protection or dormant Commerce Clause counts based on Ordinance 1095. The Court neither decided those proposed counts nor directed Plaintiffs to await the appeal before seeking leave to assert them. Anticipating that the Court might reject a motion did not prevent Plaintiffs from presenting it and explaining why the new ordinance supported the requested claims.

The Tenth Circuit's decision does not supply the missing explanation. The court held that repeal and replacement of the original ordinance mooted the appeal from the denial of preliminary injunctive relief because the new ordinance materially softened the alleged injury by allowing

southbound trucks to enter the property from 110th Street. *Scannell Props. #516, LLC v. City of Edwardsville, Kansas*, 185 F.4th 1084, 1091–92 (10th Cir. 2026). Its discussion of this Court's opportunity to consider the new restrictions concerned the balancing of harms necessary for preliminary injunctive relief. *Id.* at 1091. The court did not reverse the dismissal of the federal claims or direct that amendment be allowed. Instead, it held that it lacked pendent appellate jurisdiction over those dismissals and reserved the question whether the underlying claims were moot. *Id.* at 1093 & n.4. The decision resolved the appeal without deciding the constitutional merits or changing the substantive standards governing the proposed claims. And the facts underlying those claims were already available to Plaintiffs, who had alleged the ordinance's discriminatory treatment and burdens on interstate commerce in their second amended complaint. Doc. 137 at ¶¶ 155(h)–(i), 162–169.

Even accepting that Plaintiffs reasonably wished to evaluate the Tenth Circuit decision before proceeding, the motion does not explain the additional delay after that decision issued on August 6 or after the mandate issued on August 28. Plaintiffs filed this motion on October 5. At the September 1 conference, the Court specifically discussed the need to demonstrate diligence and clarified that any motion for leave to amend was not subject to the stay. The Court's willingness to let Plaintiffs choose whether to file before mediation did not amount to a finding that their timing would satisfy the applicable standards. The Court considers this lapse in time together with the earlier opportunities to seek amendment and the explanations Plaintiffs have offered.

Plaintiffs also rely on discovery to support the proposed constitutional claims. Their reply identifies Cameron Duff's depositions on May 22, 2025, and August 6, 2026, and submits Jeff Wilke's engineering report dated July 31, 2026. Doc. 260 at 3, 6; Doc. 260-4 at 2. Evidence developed in discovery can establish good cause when it supplies information supporting a previously unavailable amendment. *Gorsuch*, 771 F.3d at 1240. But Plaintiffs do not explain how the

identified testimony or report accounts for their decision to wait until October 5 to seek amendment. The materials may support their view of the merits; Plaintiffs do not connect them to the timing of the requested amendment.

The remaining explanations are also insufficient. Plaintiffs' concern about the expense of repeatedly responding to new ordinances does not explain their decision to seek factual amendments in April while withholding the present counts. And the City's consent to those factual amendments did not waive an objection to different amendments proposed months later. The City limited its consent to the factual changes then presented and opposed the proposed STAA claim. Doc. 124 at 2–3. That consent did not relieve Plaintiffs of the obligation to establish diligence for the present request. Considering the chronology and Plaintiffs' explanations, the Court finds that they have not shown good cause to add the proposed constitutional counts.

**2. The proposed addition of Scannell 801**

Scannell 801 acquired its interest on July 14, 2026, after the second amended complaint was filed. Doc. 252-9. The Court therefore evaluates the timing of the requested joinder separately from the constitutional amendments. The motion does not explain why Plaintiffs waited until October 5 to request joinder based on that transfer. Doc. 252 at 15. Nor does it identify any impediment to presenting the request prior to October. Adding a party because of a transfer of property did not depend on the Tenth Circuit's resolution of the challenge to the earlier ordinance.

Plaintiffs primarily argue that Scannell 801 is a real party in interest and that its claims arise from the same transaction or occurrence. Those arguments address the relationship between the proposed plaintiff and the litigation, but do not establish diligence. A transfer during litigation also does not necessarily require adding the transferee. Rule 25(c) permits the action to continue through the original party unless the Court orders substitution or joinder, and that decision generally lies

within the Court's discretion. Fed. R. Civ. P. 25(c); *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978).

Plaintiffs also cite to *Palazzolo v. Rhode Island*, which rejected a categorical rule barring a regulatory takings claim because the owner acquired the property after the challenged regulation took effect. 533 U.S. 606, 626–30 (2001); Doc. 260 at 7–8. That decision does not address the timing of a request to join an ongoing action or explain Plaintiffs' delay here. The Court's ruling rests on the unexplained delay in seeking joinder.

The scope of the requested amendment matters as well. Plaintiffs describe Scannell 801's claims as forward-looking and assert that joinder adds no new claims or defenses. Doc. 252 at 15. The proposed pleading includes Scannell 801 in all five counts and requests damages collectively, without identifying its particular injuries or damages. Doc. 252-7 at ¶ 3. The City would therefore need an opportunity to address which injuries and damages Scannell 801 claims and how those claims relate to the interests retained by Scannell 516. Plaintiffs have not explained why this broader request was not presented earlier, before the parties established their plan for completing the remaining discovery. The July transfer supplies a basis for requesting joinder, but the unexplained delay in pursuing the joinder actually proposed does not establish good cause.

### C. Amendment is also unwarranted under Rule 15

The failure to establish good cause is sufficient to deny the motion. *Birch*, 812 F.3d at 1249. Nevertheless, out of an abundance of caution, the Court also considers Rule 15 and independently denies leave under that rule because of undue delay.

Lateness alone does not justify denying amendment. The Tenth Circuit instead focuses primarily on the reasons for the delay and permits denial when the movant has no adequate explanation. *Minter*, 451 F.3d at 1205–06. Unexplained delay can support denial without a separate determination of prejudice. *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994). Applying that

standard, the Court finds the delay undue for the reasons discussed above. Plaintiffs knew and pleaded the essential factual basis of the constitutional theories months before this motion, yet withheld the counts for reasons that did not prevent an earlier request. The Tenth Circuit decision did not supply a new claim or require amendment, and Plaintiffs have not connected newly obtained evidence to their timing. Scannell 801's acquisition arose later, but Plaintiffs offer no explanation for waiting nearly three months to seek its addition across all counts while the case moved toward completion of discovery. These deficiencies concern the adequacy of Plaintiffs' explanations, not merely the passage of time.

Plaintiffs identify testimony and expert opinions that they contend already address discrimination, truck traffic, and interstate commerce. They also emphasize that discovery remains open and offer to agree to a reasonable schedule extension if additional discovery is necessary. Doc. 260 at 2–4. The Court need not resolve the parties' disagreement about how much additional discovery the proposed amendments would require. Even assuming amendment would not unduly prejudice the City, Plaintiffs' inadequate explanation for their delay independently warrants denial. *See Durham*, 18 F.3d at 840 (holding that unexplained delay independently justified denying amendment and declining to address prejudice). The Court therefore does not reach the City's futility arguments or the remaining grounds for denying leave.

Plaintiffs also request oral argument. Doc. 260 at 1. The written submissions adequately present the issues, and oral argument would not assist the Court in deciding the motion. The request is therefore denied. *See* D. Kan. Rule 7.2; *Abrams v. Se. Mun. Bonds Inc.*, 138 F. App'x 88, 96 (10th Cir. 2005); *United States ex rel. Schroeder v. Medtronic, Inc.*, No. 17-2060-DDC-BGS, 2024 WL 1095664, at *13 (D. Kan. Mar. 13, 2024) (denying a requested hearing because the briefs were sufficient to decide the motion).

## IV. Conclusion

Plaintiffs have not established good cause for the proposed amendment under Rule 16. The Court also denies leave under Rule 15 because Plaintiffs have not adequately explained their delay in seeking the proposed amendments.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File a Third Amended Complaint, Doc. 252, is **DENIED**.

**IT IS SO ORDERED.**

Dated November 9, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge